## Arnold's Administrator for use *versus* Fitzgerald.

1. Arnold by articles purchased land of Fitzgerald, part of the consideration to be paid by the entry of satisfaction on two judgments held by Arnold against Fitzgerald. Arnold took possession without entering satisfaction or paying the balance of the purchase-money. Fitzgerald brought ejectment and recovered a verdict, to be released on paying in thirty days a sum named, being the unpaid purchase-money. Arnold did not pay, and surrendered possession. *Held*, that this dissolved the contract and ended all the rights and duties of the parties under it.

2. Fitzgerald could not recover the purchase-money nor compel Arnold to enter satisfaction on the judgments.

3. The agreement to pay a portion of the purchase-money by entering satisfaction on the judgments was executory.

4. The delivery of possession of the land by Fitzgerald to Arnold was not a performance of Arnold's covenant to enter satisfaction at law or in equity.

5. Fitzgerald, by recovery in ejectment, elected to rescind the contract if Arnold did not pay the purchase-money in the time limited in the verdict.

6. The amount of the purchase-money found in this case to be due was conclusive that the judgments were not satisfied.

7. Potts's Appeal, 5 Barr 501, followed.

October — 1873. Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Writs of error to the Court of Common Pleas of *Armstrong county :* Of October and November Term 1873, No. 157, 158.

In the court below, D. Phelps, administrator, &c., of H. J. Arnold, deceased, to the use of R. P. Arnold, issued two writs of scire facias sur judgments against Isaac Fitzgerald, No. 15 and 17, to June Term 1866 of the court below.

The original judgments were H. J. Arnold against Isaac Fitzgerald, and were both entered February 4th 1859; one for $92.25, the other for $799.07, with interest. The amount due on these judgments on the 1st of May 1860 was $1002.79.

The defendant's defence was that the judgments had been satisfied by an agreement, dated April 11th 1860, for the sale of a tract of land by himself to H. J. Arnold, by which Arnold bound himself to enter satisfaction on the judgments as part of the con-

26 P. F. SMITH—25

sideration. The judgments were assigned to R. P. Arnold, December 24th 1861.

The causes were tried together, September 12th 1871, before Logan, P. J.

The plaintiff gave in evidence the judgments, and rested.

The defendant then gave in evidence the article of agreement; by it Fitzgerald agreed to sell to H. J. Arnold a tract of 125 acres of land for $1900; to be paid, $1002.79 on the 1st day of the next May, "by entering satisfaction on two judgments, which the said H. J. Arnold holds against Fitzgerald, on the docket of the Court of Common Pleas of Armstrong county,—the remainder of the purchase-money to be paid in two equal payments, on the 10th of May 1861 and the 10th of May 1862; the deed to be made when all the purchase-money was paid, and possession to be given to Arnold May 1st 1860.

There was evidence that Arnold paid $101 of the purchase-money, and took possession of the property in the spring of 1860. Satisfaction of the judgments was never entered.

Defendant gave in evidence also, the record of an ejectment, brought July 25th 1861, by Fitzgerald (the defendant) against H. J. Arnold, for the tract of 125 acres sold to Arnold by the articles of agreement of April 11th 1860; verdict being rendered December 10th 1862 for Fitzgerald for the land, to be released on the payment of $2015.76 within thirty days, with interest.

Arnold did not pay the amount of the verdict, and surrendered possession.

There was other evidence by the defendant, received under objection and exception.

There was rebutting evidence also by the plaintiff, which, in the view of the case taken by the Supreme Court, it is not necessary to state.

The plaintiff's first point and its answer were:—

The agreement between H. J. Arnold and the defendant, dated April 11th 1860, stipulating that the judgments sought to be recovered shall be wiped out by entering satisfaction on them on the 1st day of May 1860, is a mere executory agreement; and there being no evidence that the same was actually executed, and no evidence that any receipt upon said contract, for the amount thereof, was ever given by the defendant—no payment is shown by defendant, and no equity arises in favor of the defendant from said agreement."

"In answer to this point we instruct, that if you believe Arnold went into possession in pursuance of the contract at the time, and Arnold neglected to satisfy the judgments, then this was an equitable payment unless some other agreement existed."

His fourth and fifth points which were refused were:—

4. The judgment in ejectment obtained by Fitzgerald against

[Arnold's Adm'r. v. Fitzgerald.]

Arnold, was, if the conditional verdict was not complied with by Arnold, an extinguishment of the article of agreement; and the defendant in this case cannot now claim any benefit or advantage which might have accrued under that agreement.

5. Under the evidence in this case, the plaintiff is entitled to recover the amount of the respective judgments with interest.

The defendant's first point which was affirmed was:—

By the contract of April 11th 1860, the judgments in suit and sought to be revived were agreed to be satisfied as the first payment of the land purchased by H. J. Arnold from the defendant; and if the jury believe that defendant gave possession to Arnold, and was willing and ready to comply with said contract, and that its non-execution was the fault of H. J. Arnold, in that event equity considers that done which was agreed to be done, and the said judgments are legally and equitably satisfied and cannot be revived in this proceeding.

The court charged:—* * *

" The satisfaction of the judgments referred to in the paper, and the entry into possession of this land, were concurrent and mutual acts, and before Arnold could avail himself of the possession of the land it was his duty to satisfy the judgments; and Fitzgerald could not have demanded satisfaction of the judgments without having given or tendered possession of the land. This was the position held by the parties on that 1st of May 1860. [Did Arnold go into possession of the land at that time, in pursuance of the contract? If he did, and there was no other agreement to allow these judgments to stand open (of which there seems to be no evidence), and these are the judgments referred to in the paper, then they were equitably satisfied if the default of making the satisfaction entry was that of Arnold.] These are questions of fact for you. He had the advantage to derive of going into possession and the price to pay of satisfying these judgments. If on the faith of that satisfaction, to be by him entered, Arnold went into possession of the land, and thus availed himself of the benefits of the agreement, equity will hold him to the performance of the consideration if the failure was his own act. [Was his satisfaction of these judgments the consideration of his entry on the land; although not for the deed therefor, nor the whole consideration for the land then by taking such possession in pursuance of such consideration he will be held to that part thereof which was in his power to do for his advantage, and if the not doing of the act was his default, and the defendant let Arnold into possession of the land upon the faith of his entering satisfaction on the judgments as a contemporary act; then as against that defendant, the judgments will be treated as satisfied]." * * *

The verdict was for the defendant.

The plaintiff removed the record in both cases to the Supreme

[Arnold's Adm'r. *v.* Fitzgerald.]

Court, and assigned for error, amongst others, the answers to the points and the parts of the charge in brackets.

*D. Barclay*, for plaintiff in error.—When Fitzgerald brought an ejectment, which was in disaffirmance of the contract, Arnold might consider the whole abandoned: Norris *v.* Johnston, 5 Barr 287; Williams *v.* Bently, 3 Casey 294; Bortz *v.* Bortz, 12 Wright 382; Ogden *v.* Brown, 9 Casey 247. His claim on the trial of the ejectment for the whole purchase-money destroys his defence here to the judgments: Feay *v.* Decamp, 15 S. & R. 227; Hudson *v.* Reel, 5 Barr 279. Fitzgerald having taken possession of the land, the duties of both under the contract were at an end: Bland *v.* Umstead, 11 Harris 316; Potts's Appeal, 5 Barr 502; Graff *v.* Kelly, 7 Wright 453; Ives *v.* Niles, 5 Watts 323.

*E. S. Golden*, for defendant in error.

Mr. Justice WILLIAMS delivered the opinion of the court, March 2d 1874.

These two cases, depending on the same facts, were tried together under the same instructions, and as the assignments of error are the same in both, the judgments must stand or fall together. The defence set up to the writs of scire facias was, that the judgments were paid and satisfied under the agreement between the parties of the 11th of April 1860. By this agreement the defendant sold to the plaintiff's intestate a tract of land for $1900, to be paid in the following manner, viz.: $1002.79 on the 1st of May 1860, by entering satisfaction on the judgments in controversy; one-half of the residue on the 10th of May 1861, and the remaining half on the 10th of May 1862. The evidence showed that the decedent took possession of the land and paid $101 of the purchase-money; that the defendant instituted an action of ejectment against him in the Common Pleas of Armstrong county, and recovered a verdict and judgment for the land, to be released on the payment of $2015.76 within thirty days from date, with interest. The vendee failed to pay the amount found to be due by the jury, and surrendered possession of the land to the vendor. It is clear that his failure to pay the purchase-money within the time prescribed by the conditional verdict and judgment operated as a dissolution of the contract, and put an end to all the rights and obligations of the parties under it: Potts's Appeal, 5 Barr 501. The vendor could no longer demand or maintain an action for the unpaid purchase-money; nor could he compel the vendee to satisfy the judgments if they were unsatisfied when the recovery was had. They were not satisfied in fact; were they satisfied in law or in equity? The agreement to pay a portion of the purchase-money by entering satisfaction on the judgments was *executory*. Was it performed

[Arnold's Adm'r. v. Fitzgerald.]

by the vendee? If so, when and how? The delivery of the possession of the land by the vendor to the vendee was not a performance of the latter's covenant to enter satisfaction on the judgments; nor was it a satisfaction of the judgments in fact or in law. Was it then a satisfaction of them in equity? Why should it be, if it was not so understood and treated by the parties? Why should the vendor, after getting back the land, be entitled to have the judgments satisfied? He has no more equity to have a portion of the purchase-money paid by a satisfaction of the judgment against him than he had to have the residue paid in money. By his recovery in the ejectment, he elected to rescind the contract if the vendee did not pay the purchase-money within the time limited by the conditional verdict and judgment, and he must abide by his election. If the judgments were not satisfied when the contract was rescinded, clearly he has no legal or equitable right to have them satisfied now. The amount of purchase-money found to be due by the jury is conclusive that the judgments were not then satisfied. The plaintiff's fourth and fifth points should therefore have been affirmed. This view of the case cuts up the defence by the roots, and renders it unnecessary to consider the questions raised by the other assignments of error.

Judgment reversed, and a *venire facias de novo* awarded.